# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Paul Kardasz and Erin Stahl,

      Plaintiffs,

v.

Karen A. Spranger, individually
and in her capacity as Macomb
County Clerk, and Macomb County,
Jointly and Severally,

      Defendants.

Case No.
Hon.

_____/

Pitt, McGehee, Palmer & Rivers, P.C.
Michael L. Pitt (P24429)
Jennifer L. Lord (P46912)
Attorney for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI  48067
(248) 398-9800
mpitt@pittlawpc.com
jlord@pittlawpc.com

_____/

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND JURY DEMAND

Plaintiffs Paul Kardasz ("Kardasz") and Erin Stahl ("Stahl") state as follows for their complaint against Defendants:

### INTRODUCTION

1.  This is a civil rights and whistle-blower action for equitable relief and money damages brought by two former Chief Deputies in the Macomb

County Clerk's office who were terminated on March 11 and March 13, 2017 in violation of their Free Speech rights and rights as Whistle-Blowers. They were terminated by the recently elected County Clerk Karen Spranger because they reported to other Macomb County officials and the public that the Clerk was unfit to serve in this vital role and that citizens dependent on the services of the Clerk's office were being harmed by the mismanagement of that office which by March, 2017 was in full blown crisis mode.

### JURISDICTION ,VENUE and DESCRIPTION OF THE PARTIES

2. Plaintiff's assert a violation of their constitutional rights and seek enforcement through 42 U.S.C. § 1983. This court has subject matter jurisdiction over these federal claims pursuant to 28 U.S.C. § 1331, § 1343.

3. This court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) because all defendants reside in the Eastern District of Michigan and the actions giving rise to the claims occurred in the Eastern District of Michigan.

5. Kardasz and Stahl are residents of Macomb County.

6. Prior to Kardasz's termination from employment on March 11, 2017, he was employed as Chief Deputy Clerk of Macomb County.

7.     Prior to Stahl's termination from employment on March 13, 2017, she was employed as Chief Deputy Register of Deeds of Macomb County.

8.     Kardasz and Stahl were appointees of the Macomb County Clerk.

9.     Defendant Macomb County ("the County") is a local government created under the constitution and statutes of the State of Michigan. The County is Plaintiffs' joint employer because the County funds their salaries and benefit packages, funds the operation of Clerk's Office and will be responsible for any judgments rendered against Spranger in her official capacity as the County Clerk.

10.    Defendant Spranger is the Macomb County Clerk and was elected into this position on November 8, 2016 and took office on January 3, 2017. Defendant Spranger is being sued in her individual and official capacity. Spranger, as the joint employer of Plaintiffs', has the sole authority to hire and fire her Appointees.

## STATEMENT OF THE FACTS

11.    Spranger appointed Kardasz as the Chief Deputy Clerk of Macomb County on or about January 3, 2017.

12.    Spranger appointed Stahl as Chief Deputy Register of Deeds of Macomb County on or about January 1, 2017.

13.    Kardasz and Stahl reported directly to Spranger as her Appointees.

14. The County Clerk's office is an essential part of County governance and is responsible for overseeing a number critically important functions including elections, the court file room, e-filing, the jury room, vital records (birth, death, marriage), and gun permits DBAs, and land records at the Register of Deeds.

### Shortly after their hire, Plaintiffs realized that Spranger was grossly unfit for the County Clerk position

15. Within days of taking office, Spranger began acting in an erratic manner and began taking actions that posed a great risk to the County and the citizens of Macomb County.

16. Spranger administered the oath of office to two non-employees, Joseph Hunt ("Hunt") and Jackie Ryan ("Ryan").

17. Spranger allowed non-employees Hunt and Ryan unfettered access to the Clerk's office, including confidential county records, county business and personnel files.

18. Spranger invited Ryan to a staff meeting in a Judge's conference room with the County Judicial Court Clerks. Non-employee Ryan actively participated in the meeting, including drafting the minutes of the meeting.

19. In January 2017, Spranger allowed Ryan to use Spranger's county issued work computer to access restricted employee related information,

violating County IT security and protocols and jeopardizing sensitive personnel and taxpayer records.

20. Upon discovery of Spranger's security violations, the County suspended Spranger's access to the County's computer network and data collection.

21. The County offered to restore Spranger's computer privileges if she would agree to abide by the IT security and protocols.

22. Spranger refused to abide by the required security and protocols, resulting in her inability to access email and internal records necessary to perform the vital functions of her position as Clerk of the County.

23. Stahl told Spranger that her continued lack of access to email was resulting in many important matters being ignored.

24. Spranger instructed her staff to print sensitive County materials. Spranger then shared those materials with Ryan, Hunt, and others and engaged them in the governmental decision making process.

**Spranger's Behavior was Erratic, Unethical, and at Times Unlawful**

25. Spranger regularly skipped important meetings with County and Union Officials, her direct reports, and citizens.

26. Spranger referred to her unionized employees as "enemies" and was openly disrespectful to these long term employees whose knowledge,

skills, and experience were vital to the efficient management of the Clerk's office.

27. Spranger engaged in a campaign to terminate key employees, including the Chief Court Clerk, Administrative Coordinator, Clerical Supervisor, and Supervisors of Records because those employees were union members subject to a collective bargaining agreement.

28. Spranger told plaintiffs that she wanted to eliminate the unionized positions so that she could hire Hunt and Ryan and other non-employees into the positions.

29. Plaintiffs advised Spranger that terminating the union employees was a violation of the collective bargaining agreement.

30. Plaintiffs reported Spranger's actions to Corporation Counsel John Schapka and others.

31. When Spranger learned that she was unable to fire the unionized employees, she engaged in a pattern and practice of designed to force the long time employees to quit.

32. At least 5 unionized employees filed grievances against Spranger. Spranger refused to participate in the grievance procedure, violating the collective bargaining agreement and subjecting the County to liability for her actions.

33. Kardasz communicated with Union leadership in an effort to curtail Spranger's unlawful actions.

34. Spranger's interference with the orderly procedures in place at the Clerk's Office caused the Court e-filing to fall seriously behind.

35. Spranger's interference with the orderly procedures in place at the Clerk's Office caused the processing of mail to fall 7 days behind.

36. Despite Spranger's interference, Kardasz eliminated the e-filing delay to less than a 24 hour turnaround time.

37. Plaintiffs discovered that Spranger may have filed a false Affidavit of Identity in connection with her election bid, raising the question of whether the Macomb County Clerk had perjured herself.

38. Throughout their employment, Kardasz and Stahl, repeatedly told Spranger that her actions violated the law.

39. Kardasz and Stahl repeatedly encouraged Spranger to work within the confines of the law in her conduct as County Clerk.

40. After Stahl told Spranger that she must conform to the law, Spranger stopped communicating altogether with Stahl.

41. After Kardasz told Spranger that she must conform to the law, she belittled, berated, and attempted to ostracize Kardasz.

42. Spranger refused to curtail her unlawful conduct.

## After less than 3 months on the job, Spranger's gross mismanagement and incompetence left the Clerk's office on the brink of collapse

43. In March 2017, plaintiffs realized that Spranger was simply incapable of making the changes necessary to effectively run the critical functions of the County Clerk.

44. By March of 2017, the Macomb County Clerk's office was in crisis mode. Plaintiffs decided that they must take action to protect the County and its citizens.

45. On March 10, 2017, Kardasz told Spranger that he was forced to report her actions to the Macomb County Ethics Board.

46. Kardasz filed his ethics complaint with the Macomb County Ethics Board later that day (Exhibit 1).

47. Kardasz asked the Ethics Board to investigate his allegations and if necessary take action to remove Spranger from office pursuant to Macomb County Charter, Article X § 10.2.

48. Spranger fired Kardasz on March 12, 2017.

49. Stahl filed her ethics complaint with the Macomb County Ethics Board on March 12, 2017 (Exhibit 2).

50. Stahl asked the Ethics Board to "put a stop to her [Spranger] unethical behavior before it further escalates and harms the people we are sworn to serve."

51. Spranger fired Stahl on March 13, 2017.

52. As a result of the unlawful actions of Spranger, including the termination of plaintiffs' employment, Plaintiffs will lose significant annual compensation, plus substantial fringe benefits including retirement contributions, County paid Health Insurance for their families, and other economic advantages of employment with the Clerk of the County, Plaintiffs have and will in the future experience substantial emotional distress, humiliation, loss of reputation, and mental anguish.

## COUNT I

### Violation of 42 USC 1983
### First Amendment Violation
### Harassment and Discharge from Employment in
### Retaliation for Exercising First Amendment Rights

53. Plaintiffs incorporate the above allegations by reference.

54. As public employees, Plaintiffs are protected by the First Amendment of the United States Constitution in that they may not be harassed or have their employment terminated in retaliation for engaging in

constitutionally protected activity, including providing truthful information to County Officials and initiating complaints to the County Ethics Board.

55. Between January, 2017 and March 2017, plaintiffs engaged in constitutionally protected activities, described in detail above, when they provided truthful information and evidence to County Officials, including but not limited to Corporation Counsel on matters of public concern including possible unlawful and unethical activity by the Macomb County Clerk Karen Spranger.

56. Plaintiffs' protected activities were not taken pursuant to their official duties.

57. Less than a day after discovering Kardasz's protected activities and less than 48 hours after discovering Stahl's protected activities, Spranger terminated plaintiffs.

58. The adverse employment action described above was directly related to Spranger's discovery of plaintiffs' protected activity.

59. At all times relevant to this action, Defendants were acting under color of state law.

60. Defendant Spranger, as the elected County Clerk, is the highest authority in the Clerk's office and the sole policy maker.

61. Spranger's decision to terminate Plaintiffs, as the highest level policy maker of the Clerk's Office, constitutes the establishment of an unconstitutional policy which led to the adverse employment action which is the basis for Plaintiffs' Complaint.

62. Upon information and belief, Spranger, as Macomb County Clerk, has established a policy, custom and practice of retaliating against employees of the Clerk's Office.

63. At all times relevant to Spranger's actions as alleged in this case, it was clearly established and known to Spranger that it was unlawful to subject public employees to adverse employment action because they provided truthful information and evidence to County Officials and filed complaints to the Ethics Board involving matters of public concern.

64. Spranger acted in a deliberately indifferent manner toward Plaintiffs' constitutional right to Free Speech when she engaged in the adverse employment actions described in this Complaint.

65. As a result of the unconstitutional activities described in the Complaint, Plaintiffs have suffered all of the damages and injuries described in paragraph 52 above.

Accordingly, Plaintiffs request:

  A. An Order of the Court reinstating them to comparable County positions;

  B. An Order of the Court awarding them compensatory damages;

  C. An Order of Court awarding them punitive damages against Spranger in her individual capacity for the willful and wanton disregard of their federally protected civil rights;

  D. An Order of the Court awarding them the costs of litigation, interest on any amounts owed them and their statutory attorney fees; and

  E. An Order of the Court granting them such other relief that they are found to be entitled to.

## COUNT II

### Violation of the Michigan Whistleblower Protection Act
### Plaintiffs v Spranger (as Macomb County Clerk) and Macomb County

66. Plaintiffs incorporate all of the above allegations by reference.

67. At all times relevant to this matter, Defendant Spranger (in her capacity as Macomb County Clerk) and Macomb County were Plaintiffs' joint employers as the term is defined in Michigan's Whistleblowers Protection Act ("WPA").

68. Plaintiffs engaged in activity protected by the WPA when they engaged in the reporting described above.

69. Spranger was aware of Plaintiffs' protected activities before subjecting them to adverse employment action.

70. Spranger harassed and terminated Plaintiffs because they engaged in activity protected under the WPA.

71. As a result of Spranger's unlawful conduct under the WPA, Plaintiffs have suffered all the injuries and damages as described in paragraph 52, above.

Accordingly, Plaintiffs request:

A. An Order of the Court reinstating them to comparable County positions;

B. An Order of the Court awarding them compensatory damages;

C. An Order of the Court awarding them their costs of litigation, interest on any amounts owed them and their statutory attorney fees; and

D. An Order of the Court granting them such other relief that they are found to be entitled to.

                                            Pitt, McGehee, Palmer & Rivers, P.C.

                                            By:  /s/ Jennifer L. Lord
                                            Michael L. Pitt (P24429)
                                            Jennifer L. Lord (P46912)
                                            Attorney for Plaintiff
                                            117 W. Fourth Street, Suite 200
                                            Royal Oak, MI  48067
                                            (248) 398-9800
                                            mpitt@pittlawpc.com
                                            jlord@pittlawpc.com

Dated:  March 24, 2017

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Paul Kardasz and Erin Stahl,

        Plaintiffs,

v.

Karen Spranger, individually
and in her capacity as Macomb County Clerk,
and Macomb County,

    Jointly and severally,

        Defendants.
_____
 Pitt, McGehee, Palmer & Rivers, P.C.
 Michael L. Pitt (P24429)
 Jennifer L. Lord (P46912)
 Attorney for Plaintiff
 117 W. Fourth Street, Suite 200
 Royal Oak, MI  48067
 (248) 398-9800
 mpitt@pittlawpc.com
 jlord@pittlawpc.com
_____/

**JURY DEMAND**

    Plaintiffs hereby demand a trial by jury of all issues in the within cause of action.

          Pitt, McGehee, Palmer & Rivers, P.C.

          By: /s/ Jennifer L. Lord
          Michael L. Pitt (P24429)
          Jennifer L. Lord (P46912)
          Attorney for Plaintiff
          117 W. Fourth Street, Suite 200
          Royal Oak, MI  48067
          (248) 398-9800
          mpitt@pittlawpc.com
          jlord@pittlawpc.com

Dated:  March 24, 2017

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on March 24, 2017.

 Signature: /s/ Carrie Bechill
       117 W. Fourth Street, Suite 200
       Royal Oak, MI 48067
       (248) 398-9800
       cbechill@pittlawpc.com