UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL KARDASZ, et al,

       Plaintiffs,

                                    Case No. 17-cv-10937

v.

                                    HON. MARK A. GOLDSMITH

KAREN SPRANGER, et al,

       Defendants.

_____/

**OPINION & ORDER
(1) DENYING DEFENDANT MACOMB COUNTY'S MOTION FOR
RECONSIDERATION (Dkt. 62) AND (2) DENYING DEFENDANT KAREN
SPRANGER'S MOTION FOR RECONSIDERATION (Dkt. 63)**

This matter is before the Court on Defendant Macomb County's and Defendant Karen

Spranger's motions for reconsideration (Dkts. 62 & 63) of the Court's May 6, 2019 Opinion

denying their respective motions for summary judgment (Dkt. 60). Because oral argument will

not aid the decisional process, the motions will be decided based on the parties' briefing. See E.D.

Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the motions are denied.

**I. ANALYSIS**

A party bringing a motion for reconsideration "must not only demonstrate a palpable defect

by which the Court and the parties and other persons entitled to be heard on the motion have been

misled but also show that correcting the defect will result in a different disposition of the case."

E.D. Mich. L.R. 7.1(h).

**A. Macomb's Motion**

1

Defendant Macomb County ("Macomb") raises three grounds for reconsideration: (i) the Court failed to apply the correct First Amendment analysis as it relates to policy making and confidential positions, (ii) the Court did not recognize a causal link to establish municipal liability, and (iii) the Court failed to realize that Macomb was not Plaintiff's employer and did not discharge Plaintiff. See Macomb Mot. for Recon. (Dkt. 62).

Macomb first argues that the Court failed to apply the correct First Amendment analysis applicable to appointments to policy making and confidential positions. See Macomb Mot. for Recon. at 3-11. Macomb argues that the Sixth Circuit has previously found that employees in such positions may always be discharged for insubordinate speech, such as speech related to contrary political or policy views. See id. at 4-5 (citing Silberstein v. City of Dayton, 440 F. 3d 306, 319 (6th Cir 2006); Rose v. Stephens, 291 F.3d 917 (6th Cir. 2002); Latham v. Office of Atty. Gen. of State of OH, 395 F. 3d 261 (6th Cir. 2005)). Macomb particularly relies on Rose, in which the Sixth Circuit observed that "it is insubordination for an employee whose position requires loyalty to speak on job-related issues in a manner contrary to the position of his employer[.]" 291 F.3d at 923.

As an initial matter, as the Court explained in its opinion on Macomb's summary judgment motion, Macomb did not raise this argument until its reply brief. This reason alone is sufficient to deny Macomb relief based on the argument. See Ross v. Choice Hotels Intern., Inc., 882 F. Supp. 2d 951, 958 (S.D. Ohio 2012) ("Choice Hotels is confined to those grounds raised in its motion and initial memorandum in support in its attempt to obtain summary judgment. This Court has explained time and again that a reply brief is not the proper place to raise an issue for the first time.") (internal quotation marks omitted). Regardless, as the Court already noted, "Plaintiffs made ethical complaints regarding Spranger's behavior that Plaintiffs believed constituted a

violation of law; such complaints cannot be brushed off as mere political or policy disagreements." See 5/6/19 Op. & Order at 6 (Dkt. 60). Additionally, the speech here is not job-related in the sense contemplated by the Sixth Circuit in Rose, where the offending speech fell within the plaintiff's job duties. Here, Plaintiffs reported alleged violations that they observed while at work, but which did not specifically involve their job duties. Macomb has pointed to no cases in which a court determined that government officials could be fired for filing ethical complaints regarding alleged violations of law without offending the First Amendment. Accordingly, this aspect of its motion for reconsideration is denied.

Macomb next argues that the Court failed to recognize the need for a causal link to establish municipal liability. See Macomb Mot. for Recon. at 12-16. Macomb argues that the Court improperly concluded that Spranger's decisions, as the person responsible for revocation of appointments, can be imputed to the County, contending that the Court had a "complete misunderstanding of the relationship between the County Clerk and the County." Id. at 15. However, Macomb also observes that the "County Clerk has final decision making authority regarding these appointments" and that that "authority makes her the decision maker responsible for the employment decision." Id. at 16. As the Court noted in its opinion on the summary judgment motion, municipal liability attaches where "decisions [are] made by officials whose decisions are not subject to review." 5/6/19 Op. & Order at 14. Further, Macomb still has not provided "support for its contention that the authority to make municipal policy must be legislatively enacted by the municipality itself to attach municipal liability under § 1983." Id. Accordingly, this aspect of Macomb's motion is denied.

Finally, Macomb argues that the Court erred in finding that the county was Plaintiffs' employer and discharged Plaintiffs in violation of the Whistleblower Protection Act ("WPA"),

Mich. Comp. Laws § 15.362. <u>See</u> Macomb Mot. for Recon. at 16-19. Macomb contends that the Court misapplied the economic reality test that it claims applies to such inquiries, and that Macomb took no employment action against Plaintiffs. Macomb made these same arguments in its motion for summary judgment, and the Court found against it. <u>See</u> 5/6/19 Op. & Order at 18-19, 21. But "[m]otions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected." <u>White v. Mortgage Electronic Registration Sys., Inc.</u>, No. 05-40018, 2006 WL 2130507 at *1 (E.D. Mich. July 28, 2006) (internal quotation marks omitted). Macomb points to no facts not previously available to the parties or a clear error a law that would warrant reconsideration of the Court's prior decision. <u>See</u> <u>Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.</u>, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003) ("As a general principle, motions for reconsideration are granted if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law."). Thus, this aspect of Macomb's motion is denied.

For these reasons, Macomb's motion for reconsideration (Dkt. 62) is denied.

**B. Spranger's Motion**

Defendant Karen Spranger raises two grounds: (i) Spranger did not act under color of state law and (ii) the Court improperly found a causal link between Stahl's ethics complaint and her termination, as she was terminated before the filing of the complaint. <u>See</u> Spranger Mot. for Recon. (Dkt. 63).

Spranger previously raised both of these arguments in her motion for summary judgment, and the Court ruled against her on both counts. <u>See</u> 5/6/19 Op. & Order at 15-17. Regarding the color-of-state-law argument, the Court previously found that "Spranger cites no case that says a writ of quo warranto invalidates all action that the official took while in office, and it cannot be

the case that an earlier act of wrongdoing can negate responsibility for later acts of wrongdoing." Id. at 15. Spranger still has not done so. Thus, this aspect of her motion is denied. Regarding the timing argument, the Court explicitly noted that the February 20 conversation between Stahl and Spranger made Spranger aware that the ethics complaint would be filed. See id. at 16. As made clear by the Court, the filing of the complaint was not the triggering event of the alleged adverse action. Spranger's argument ignores this finding by the Court, and presents no new facts or law that warrants reconsideration.

Accordingly, Spranger's motion for reconsideration (Dkt. 63) is denied.

## II. CONCLUSION

For these reasons, the motions for reconsideration (Dkts. 62, 63) are denied.


Dated: July 17, 2019                              s/Mark A. Goldsmith
          Detroit, Michigan                       MARK A. GOLDSMITH
                                                  United States District Judge